**David L. Dorrity, MHRD, CDS, CDT**
**Dorrity Safety Consulting, LLC, 2 Meeting Place, Greenville, SC 29615**
DLDorrity@aol.com – **(864) 288-7193**

# FIRST AMENDMENT TO
# SAFETY REPORT

Prepared By:

DAVID L. DORRITY, MHRD, CDS, CDT

September 30, 2020

-------------------------------------------------

Prepared For:

HUGH MCANGUS, Esquire

-------------------------------------------------

Relating To The Following Matter:

MICHAEL J. PAULING and

RAMONA CESAREO-PAULING,

Plaintiff,

Vs.

IDELIVERTL, LLC, ISOM FREIGHT LINES, INC. and

SAMMIE LEE MCCLOUD, NAVISTAR, INC.,

NATIONAL FREIGHT MANAGEMENT, INC. And

G&P TRUCKING COMPANY, INC.,

Defendants.

------------------------------------------------------------------

Cause No.: 7:19-cv-00206-HMH

------------------------------------------------------------------

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

**David L. Dorrity, MHRD, CDS, CDT**
**Dorrity Safety Consulting, LLC, 2 Meeting Place, Greenville, SC 29615**
DLDorrity@aol.com – **(864) 288-7193**

### A. SUPPLEMENTAL OPINIONS

I have recently received and reviewed the following information;

- Mr. William Jay Zembower's amended report prepared on December 22, 2020,
- SC State Transport Police' audio recording of the officer's interview with Mr. McCloud and the officer's comments to a co-worker regarding the airbrake dash control value,
- Mr. Corey Christian's affidavit prepared on December 9, 2020 regarding his inspection of the trailer airbrakes and towing of the G&P trailer without known problems.

Based on this new information, it is clear and convincing to me that the MV-3 brake valve was not attached, or properly attached, to the dash panel. Further, it is clear and convincing that Mr. McCloud embarked on this trip knowing that the brake valve was not attached properly because he admits that he was attempting to hold the valve in place by wedging items behind the dash. Additionally, Mr. Zembower has identified this defective brake valve attachment as a contributing factor to the tractor breakdown in the highway.

IDeliverTL knew, or should have known, that the subject tractor should not have been operated until this brake valve was repaired. IDeliverTL knew, or should have known, that by operating the subject tractor that it would break down, potentially cause a crash, and violate safety rules. IDeliverTL breached the ordinary standard of care for similar motor carriers by failing to have in place a maintenance management program that would have prevented the operation of a defective commercial motor vehicle.

### B. CERTIFICATION

The observations, discussions and conclusions/opinions in this report are based on my education, training, knowledge, skills, and experience after reviewing the specified evidence. I hold these professional opinions to a reasonable degree of certainty in the fields of shipping and motor fleet safety standards and regulatory compliance. These opinions are based solely on the facts, research, minimum trucking industry standards, trucking regulations and requirements as

interpreted by the industry. I used the same analytical approach as used in my non-litigation work and work within the trucking industry. The process I used to reach my observations, opinions and conclusions is the same that any other reasonable expert in my field would use, given the same background, experience, and facts. I reserve the right to supplement these opinions as necessary should I be asked to review additional evidence. I plan to use anything mentioned in this report, the references and/or the discovery in this case as a trial exhibit.

**Signed this 30th of December 2020:**

*David L. Dorrity*

**David L. Dorrity, MHRD, CDS, CDT**

**Certified Transportation Safety Director**